THOMAS F. SULLIVAN vs. PRESIDENT AND FELLOWS OF HARVARD COLLEGE. April 2, 1965. Decree affirmed. This is an appeal from a decree of the Probate Court allowing an instrument dated October 19, 1961, as the will of Mary A. Shea, late of Cambridge. After a full hearing the trial judge filed a report of the material facts in compliance with the contestant's request. The evidence is reported. The contestant argues (1) that the material findings made by the judge were clearly erroneous; (2) that the proponent failed to sustain the burden of proof that the testatrix possessed testamentary capacity on October 19, 1961; (3) that the judge utilized an erroneous standard of burden of proof; and (4) that the October 19, 1961, instrument was the result of undue influence. We think no useful purpose would be served by a recitation of the pertinent portions of the rather voluminous testimony or by summarizing the judge's report of material facts. From a careful review of the entire record we are satisfied that there was no error. The controlling legal principles have been stated in a number of decisions of this court and need not here be repeated. *Neill* v. *Brackett*, 234 Mass. 367. *Liberty Mut. Ins. Co.* v. *A. C. Martinelli-Rogers Plastic Corp.* 344 Mass. 498, 501–502. *Petition for Revocation of a Decree for Adoption of a Minor*, 345 Mass. 663, 669. *O'Brien* v. *Wellesley College*, 346 Mass. 162.

*Philip M. Cronin* for the contestant.

*James J. Reagan* for the proponent.

LEWIS J. COMEAU vs. BROWN-WALES COMPANY. April 2, 1965. Exceptions overruled. The plaintiff, a builder and a contractor, went to the premises of the defendant which sold steel products for the purpose of taking delivery of a steel grille. He was directed to a loading platform upon which rested various shipments of steel products including angle irons. There he became engaged in assisting an employee of the defendant in dragging the grille toward his truck. While walking backward "he looked over his shoulder to make sure he had a place to walk" at which time the cuff of his trouser leg caught on an angle iron causing him to fall and sustain injury. The plaintiff is here on exceptions to the allowance of the defendant's motion for a directed verdict and to the entry of such verdict. There was no error. Injury occurred to the plaintiff, a business invitee, in a storage area where the plaintiff was bound to expect such conditions and risks as would normally exist in an area employed for the storage of steel and steel products. The defendant was not obliged to store its steel in any different manner. There was no duty to warn the plaintiff of what was self-evident as he made his way back to his truck. No duty of care to the plaintiff was violated by the defendant. *Forgione* v. *Frankini Constr. Co.* 308 Mass. 29, 31–32. *Starr* v. *Chafitz*, 317 Mass. 227, 229.

*John Kimball, Jr.*, for the plaintiff.

*John J. C. Herlihy* for the defendant.